IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02099-OES

FRED RAYNEL LUCERO,

    Plaintiff,

v.

BILL OWENS, Governor,
JOE ORTIZ, Executive Director,
THE COLORADO DEPARTMENT OF CORRECTIONS, and
KEVIN MILYARD, Warden,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV - 9 2005

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTIONS TO AMEND CAPTION,
FOR ENLARGEMENT OF TIME TO FILE COMPLAINT

---

    Plaintiff Fred Raynel Lucero is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, Correctional Facility. He submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, a Petition for a Temporary Restraining Order, and a Supplement to Petition for a Temporary Preliminary Injunction. On October 21, 2005, Magistrate Judge O. Edward Schlatter ordered Mr. Lucero to file a complaint.

    On October 21, 2005, Mr. Lucero submitted a letter informing the Court that he would tender a $150.00 check to pay for the entire filing fee. However, the filing fee for a civil action is $250.00, not $150.00. *See* 28 U.S.C. § 1914(a) (Supp. 2005); *see also* Local Rule 3.3B. and Appendix C in the Local Rules of Practice for the United States

District Court for the District of Colorado. Therefore, if Mr. Lucero does opt to pay the entire filing fee, he must submit a check or money order in the amount of $250.00.

On November 3, 2005, Mr. Lucero submitted a motion to amend the caption. The motion will be denied as premature because Mr. Lucero has not yet submitted a complaint for filing. Also on November 3, Mr. Lucero submitted a motion for enlargement of time in which to file a complaint because he has not yet exhausted the DOC's three-step, administrative-grievance process. The motion will be denied. Mr. Lucero fails to understand that he is to complete the grievance process before initiating a lawsuit, not while the lawsuit is pending. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, **see Booth v. Churner**, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. **See Porter v. Nussle**, 534 U.S. 516, 532 (2002). Accordingly, it is

ORDERED that the motions to amend the caption and for enlargement of time to file a prisoner complaint are denied.

DATED at Denver, Colorado, this 9 day of November, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02099-OES

Fred Raynel Lucero
Prisoner No. 91725
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/9/05

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk