IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 - 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02099-OES

FRED RAYNEL LUCERO,

    Plaintiff,

v.

BILL OWENS, Governor,
JOE ORTIZ, Executive Director,
THE COLORADO DEPARTMENT OF CORRECTIONS, and
KEVIN MILYARD, Warden,

    Defendants.

## ORDER OVERRULING OBJECTIONS

On November 14, 2005, Plaintiff Fred Raynel Lucero submitted *pro se* and the Court filed a motion titled "Motion for the Court to Reconsider Its Order of October 21, 2005." On November 15, 2005, Mr. Lucero also filed a motion titled "Motion to Object [to] the Court Order of November 9, 2005."

In the November 14, 2005, motion, Mr. Lucero objects to Magistrate Judge O. Edward Schlatter's October 21, 2005, order directing him to cure a deficiency in the action if he wishes to pursue his claims. Specifically, the October 21 order directed Mr. Lucero to file a complaint. In the November 15, 2005, motion, Mr. Lucero objects to Magistrate Judge Schlatter's November 9, 2005, order denying Plaintiff's motion to amend the caption because he had not yet submitted a complaint for filing. The November 9 order also denied Mr. Lucero's motion for additional time in which to file a complaint because he had not yet exhausted the Colorado Department of Corrections'

(DOC) three-step, administrative-grievance process. In the November 9 order, Magistrate Judge Schlatter pointed out to Mr. Lucero that he is required by statute to complete the grievance process before he initiates a lawsuit, not while the lawsuit is pending. *See* 42 U.S.C. § 1997e(a) (Supp. 2005); *see also Booth v. Churner*, 532 U.S. 731, 739 (2001); *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Court will construe the motions liberally as objections filed pursuant to 28 U.S.C. § 636 (b)(1)(A) (Supp. 2005). For the reasons stated below, the objections will be overruled.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. Mr. Lucero obviously fails to understand that a civil action is commenced by the filing of a complaint with the Court. *See* Rule 3 of the Federal Rules of Civil Procedure. After reviewing the entire file, the Court concludes that Magistrate Judge Schlatter's October 21 and November 9, 2005, orders directing Mr. Lucero to cure a deficiency by filing a complaint and denying his requests for extensions of time to exhaust DOC remedies prior to filing a complaint are not clearly erroneous or contrary to law. Accordingly, it is

ORDERED that motions titled "Motion for the Court to Reconsider Its Order of October 21, 2005" and "Motion to Object [to] the Court Order of November 9, 2005" that Plaintiff Fred Raynel Lucero submitted *pro se* and the Court received on November 14 and 15, 2005, respectively, and which the Court has construed liberally as objections filed pursuant to 28 U.S.C. § 636(b)(1)(A), are overruled. It is

FURTHER ORDERED that Plaintiff has **twenty (20) days from the date of this order** to cure the designated deficiency as directed in the October 21, 2005, order if he wishes to pursue his claims in this action.

DATED at Denver, Colorado, this 29 day of November, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02099-OES

Fred Raynel Lucero
Prisoner No. 91725
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  12-1-05

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk